# United States District Court

**EASTERN** District of **CALIFORNIA**



**FILED**

Aug 20, 2021

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In the Matter of the Seizure of<br>(*Briefly describe the property to be seized*)<br>Approximately $300,000.00 in U.S. Currency | **APPLICATION FOR A WARRANT TO SEIZE PROPERTY SUBJECT TO FORFEITURE**<br><br>CASE NUMBER:  2:21-sw-0661 KJN |

I, a federal law enforcement officer or attorney for the government, request a seizure warrant and state under penalty of perjury that I have reason to believe that the following property in the Eastern District of **CALIFORNIA** is subject to forfeiture to the United States of America (*describe the property*):

Approximately $300,000.00 in U.S. Currency

The property is subject to seizure pursuant to 21 U.S.C. § 881(b) incorporating 18 U.S.C. § 981(b), and subject to forfeiture pursuant to 21 U.S.C § 881(a)(6), concerning violations of 21 U.S.C. § 841(a)(1).

The application is based on these facts:

    **See attached affidavit.**

☒ Continued on the attached sheet.

/s/ Brian Nehring
_____
*Applicant's signature*

Brian Nehring , Special Agent, DEA
*Printed name and title*

Sworn to before me and signed in my presence.

August 20, 2021

*Date*

Sacramento, California
*City and State*

*[signature: Kendall J. Newman]*

*Judge's signature*

Kendall J. Newman, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT OF BRIAN M. NEHRING

# IN SUPPORT OF SEIZURE WARRANTS

## I. INTRODUCTION

I, Brian M. Nehring, Special Agent with the Drug Enforcement Administration (DEA), presently assigned to the Sacramento District Office, being first duly sworn, statement:

1. This affidavit is submitted in support of the Government's application for the issuance of warrant to seize for civil forfeiture the following:

    a. Approximately $300,000.00 in U.S. Currency

2. This Affidavit is made in support of a warrant to seize the above-defined funds and/or assets pursuant to 21 U.S.C. § 881(b) incorporating 18 U.S.C. § 981(b). The items identified above are subject to civil forfeiture pursuant to 21 U.S.C. § 881(a)(6) as they represent proceeds traceable to the sale of controlled substances or funds used or intended to be used to facilitate a federal drug crime in violation of 21 U.S.C. § 841(a)(1). They are further subject to forfeiture under 21 U.S.C. § 881(a)(6) as they represent proceeds of illegal narcotics activities in violation of 21 U.S.C. § 841(a)(1) (distribute a controlled substance).

3. Specifically, the facts set forth below establish probable cause to believe that the US Currency seized from the vehicle registered to Ahman BURNS parked in his garage and his master bedroom dresser at his residence at the time of his homicide in Vallejo, California on 06-29-2021 were involved in the distribution of illegal narcotics and narcotic proceeds in the Eastern District of California and other areas outside of the Eastern District of California. A California State Search Warrant was subsequently obtained for his residence as part of the homicide investigation

1

|   |   |
|---|---|
|   | which resulted in the seizure of the approximately $300,000.00 of United States Currency (USC) from his vehicle and bedroom. |
| 4. | Unless stated otherwise, I have personal knowledge of the matters set out in this affidavit. To the extent that any information in this affidavit is not within my personal knowledge, it was made known to me through my own review of the documents discussed in this affidavit and through reliable law enforcement sources, including discussions with other law enforcement agents and task force officers assigned to this case. |

## II. BACKGROUND, TRAINING AND EXPERIENCE OF AFFIANT

|   |   |
|---|---|
| 5. | I am a Special Agent of the Drug Enforcement Administration (DEA), San Francisco Field Division, and have been so employed since 1991. I have had numerous assignments since beginning with DEA, including being assigned to the Clandestine Laboratory Enforcement Team from 1997 to 1999, the Oakland Resident Office between 1999 and 2002, and the Mobile Enforcement Team (MET) between 2002 and 2004. I have been assigned to the Sacramento Division Office since September of 2004. |
| 6. | I have received specialized training in narcotic investigation matters including, but not limited to, drug interdiction, drug detection, money laundering techniques and schemes, drug identification, and asset identification and removal, from the Drug Enforcement Administration (DEA). In addition, I graduated from the DEA Basic Agents Academy at the FBI Academy at Quantico, Virginia. In total, I have received in excess of 500 hours of comprehensive formalized classroom instruction in those areas outlined above. |

7. I have assisted in the execution of more than four hundred (400) warrants to search particular places or premises for controlled substances and/or related paraphernalia, indicia and other evidence of violations of federal drug narcotics statutes. As a result, I have encountered and become familiar with various tools, methods, trends, and paraphernalia and related articles utilized by traffickers in their efforts to import, conceal, manufacture and distribute controlled substances. Central to all trafficking efforts, regardless of the drug, is the traffickers' effort to make a profit from those dealings or transactions, either for the purchase of additional substances or material gain. I have been actively involved as case agent in excess of two hundred (200) investigations and have talked with confidential informants involved in the trafficking of narcotics, and this has formed the basis of my opinions.

8. I have been qualified as and have testified as an expert witness in both federal and state court in the Northern and Eastern Districts of California and in counties including Alameda, Contra Costa, Solano, Sacramento and others. These areas of qualification have included possession for sale, possession with intent to distribute, manufacturing of a controlled substance and cultivation.

9. This affidavit does not contain all facts known to me regarding this investigation, but reflects only those facts necessary to establish probable cause. The statements in this affidavit are based upon my investigation, my training and experience, and the experience of other law enforcement agents with whom I have consulted.

### III.  THE INVESTIGATION

10. On June 30th, 2021, the Vallejo Police Department responded to a shooting which was reported to have occurred at 21 Falcon Drive, Vallejo, California. At this time, officers located Ahman

BURNS laying in the street in front of the residence. BURNS had apparently been shot multiple times and was transported to Kaiser Hospital in Vallejo where he was pronounced deceased.

11. Officers observed a 2018 Jeep Grand Cherokee, California license #8DJB847, parked inside the garage of the residence through the open garage door; per DMV records this vehicle was registered to BURNS. The front door of the residence was open and officers conducted a security sweep to confirm there were no additional victims inside. No other persons were present in the home. Officer Thompson observed while sweeping the inside of this house in plain view, just inside the front door of the house, a handgun, a cell phone, and several large clear plastic bags of suspected marijuana. I was advised that the marijuana was Sergeant Huff noticed several large photographs of the victim on the walls throughout the house, which led to them to believe the victim resided in or was associated with this house.

12. Vallejo PD Officer Brian Murphy authored a Solano County Search Warrant for 21 Falcon Drive as well as the black Jeep Grand Cherokee which was signed by the Honorable Judge Tim KAM.

13. During the subsequent search of the living room of the residence, officers located a loaded Glock 9mm pistol which was believed to be fully automatic as well as multiple bags of marijuana believed to be between 10 and 20 pounds, scales, packaging and indicia in the name of BURNS. Officers also located multiple purple medicine bottles of what was believed to be promethazine with codeine on a shelf in the living room. During a search of the master bedroom, officers located additional indicia in BURNS name, additional marijuana, additional Glock ammunition magazines and ammunition and a very large amount of US Currency (believed t after an approximate rough count to be approximately $20,000.00) in the dresser. This money was vacuum

sealed in clear plastic bags. Officers further located a fully loaded Glock 9mm 50-round ammunition drum in the kitchen.

14. Officer Murphy subsequently searched the black Jeep Grand Cherokee registered to BURNS which was located in the garage. Within this vehicle officers located a black cloth container, similar to a travel/shave kit, with a zipper. Inside of this container was a large unknown amount of US Currency in various denominations, some loose, some banded together, in mostly small denominations. In this same cargo area was a large red/white plastic shopping bag full of an unknown amount of US currency in various denominations. Some of the US currency contained in this bag was vacuum sealed in smaller clear plastic. After an approximate rough count Officers believed this USC was approximately $285,000.00.

15. While processing the scene, officers were approached outside by an individual identified as Valentina MILES who claimed to be BURNS's girlfriend. MILES repeatedly asked officers how much of the marijuana and money that was located in the house they would be taking. Officers told her all of it and asked her how much money and marijuana was present; MILES stated she didn't know how much of either was present but she claimed that the money and marijuana belonged to her and BURNS and that they had planned on opening a marijuana dispensary.

16. Based on my training and experience, I believe the funds located 21 Falcon Drive, Vallejo, California, specifically in the vehicle registered to BURNS in the garage and in the dresser in his master bedroom, are drug proceeds from the sale of illegal narcotics.  I base this belief upon the amount of US Currency locate their in various denominations, the very large amount of marijuana and promethazine with codeine throughout, the automatic weapon and the fact that BURNS was murdered in front of this location.

## IV.  CONCLUSION

17.  Based upon the events and evidence outlined in this Affidavit, my training and experience, and the training and experience of the agents that I have consulted with in preparing this Affidavit, there is probable cause to believe that the funds located 21 Falcon Drive, Vallejo, California were drug proceeds from the sale of illegal narcotics by BURNS.

18.  I request the issuance of a seizure warrant against the following property as proceeds from the distribution and sale of narcotics:

   a.   Approximately $300,000.00 in U.S. Currency.

/s/ Brian Nehring

Brian M. Nehring
Special Agent
Drug Enforcement Administration

Reviewed and approved as to form:

/s/ Kevin C. Khasigian
Kevin C. Khasigian
Assistant United States Attorney

Subscribed and sworn to before me
this   20th   day of August 2021.

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

# United States District Court

**EASTERN** District of **CALIFORNIA**

| In the Matter of the Seizure of<br>(*Briefly describe the property to be seized*) | **WARRANT TO SEIZE PROPERTY SUBJECT TO FORFEITURE** |
|---|---|
| Approximately $300,000.00 in U.S. Currency | CASE NUMBER:<br>2:21-sw-0661 KJN |

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests that certain property located in the Eastern District of <u>CALIFORNIA</u> be seized as being subject to forfeiture to the United States of America. The property is described as follows:

**Approximately $300,000.00 in U.S. Currency**

The property is subject to seizure pursuant to 21 U.S.C. § 881(b) incorporating 18 U.S.C. § 981(b), and subject to forfeiture pursuant to 21 U.S.C § 881(a)(6).

I find that the affidavit(s) and any recorded testimony establish probable cause to seize the property.

**YOU ARE COMMANDED** to execute this warrant and seize the property within 14 days in the daytime 6:00 a.m. to 10:00 p.m. You must also give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

An officer present during the execution of the warrant must prepare, as required by law, an inventory of any property seized and the officer executing the warrant must promptly return this warrant and a copy of the inventory to <u>KENDALL J. NEWMAN</u> or <u>Any U.S. Magistrate in the Eastern District of California</u>.

August 20, 2021 at 8:15 a.m.

Date and Time Issued

*Judge's signature*

Sacramento, California

City and State

Kendall J. Newman, U.S. Magistrate Judge

*Printed name and title*

AO 109 (Rev. 11/13) Warrant to Seize Property Subject to Forfeiture (Page 2)

| RETURN | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of: | | |
| Inventory of the property taken: | | |

## CERTIFICATION

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

Subscribed, sworn to, and returned before me this date.

_____       _____
U.S. Judge or Magistrate                                                                         Date